ESTATE OF JOHN H. WHEELER, DECEASED, ELLIOTT H. WHEELER AND ROLLO C. WHEELER, EXECUTORS, PETITIONERS, ET AL.,[1] COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 107256, 107257, 107259, 107261, 107262, 107264.

Promulgated January 5, 1943.

*Vincent H. O'Donnell, Esq.*, for the petitioners.
*Harry R. Horrow, Esq.*, for the respondent.

### OPINION.

ARNOLD, *Judge:* These consolidated proceedings involve a deficiency in surtax on undistributed profits for the year 1936 in the amount of $5,953.06 determined by the Commissioner to be due from John H. Wheeler Co. The petitioners concede that they are the transferees of the assets of the John H. Wheeler Co. and as such liable for the amount of any deficiency determined herein. The only question involved is whether the Commissioner erred in disallowing a dividends paid credit in the amount of $30,465.01 for the purpose of computing the surtax on undistributed profits of the company for 1936.

The proceedings were submitted upon a stipulation of facts and seven documentary exhibits. The facts as stipulated are adopted as our findings of fact.

All the petitioners herein filed their 1936 returns with the collector of internal revenue for the first district of California. The petitioners in Docket No. 107256 are the duly appointed and acting executors of the last will of John H. Wheeler, who died on June 14, 1939. The decedent and the other petitioners herein were on December 19, 1936, all of the stockholders of the John H. Wheeler Co., hereinafter referred to as the Wheeler Co., and owned the number of shares as follows:

| Stockholder | Shares | Stockholder | Shares |
|---|---|---|---|
| John H. Wheeler | 2,459 | Frances V. Wheeler | 459 |
| Cornelia W. Good | 500 | Ysabel F. Berliner | 500 |
| Elliott H. Wheeler | 500 | | |
| Rollo C. Wheeler | 500 | Total | 4,918 |

[1] Proceedings of the following petitioners are consolidated herewith: Cornelia W. Good; Elliott H. Wheeler; Rollo C. Wheeler; Frances V. Wheeler; and Ysabel F. Berliner.

The Wheeler Co. was incorporated under the laws of California in 1925 and was at all times herein mentioned a personal holding company. Commencing December 2, 1938, and continuing through the month of December 1938, all the assets of the company were distributed pursuant to a plan of liquidation under the provisions of section 112 (b) (7) of the Revenue Act of 1938. The stockholders received the assets of the company pro rata on the basis of stockholdings.

On December 19, 1936, the directors and officers of the Wheeler Co. were as follows:

John H. Wheeler, director and president
Frances V. Wheeler, director and secretary-treasurer
Rollo C. Wheeler, director and vice president

On December 19, 1936, the board of directors of the Wheeler Co. adopted the following resolution:

RESOLVED that a dividend of $6.00 per share be and it is hereby declared and ordered paid on each share of the 4,918 shares of the issued and outstanding capital stock of JOHN H. WHEELER COMPANY as of the close of business on December 21, 1936, to shareholders of record on said day; and

IT IS FURTHER RESOLVED that a dividend of all the net per-share earnings of the JOHN H. WHEELER COMPANY for the year 1936, in excess of $6.00 per share, be and it is hereby declared and ordered paid on all of said issued and outstanding shares of the JOHN H. WHEELER COMPANY at 12:00 noon on December 31, 1936, to all stockholders of record at noon December 31, 1936; and

IT WAS ALSO FURTHER RESOLVED that the management of the company be authorized and permitted to borrow from any or all of the stockholders of the JOHN H. WHEELER COMPANY any, or all, of the dividends so paid to said stockholders, and for this purpose to issue to such stockholders promissory notes or other evidence of indebtedness on such terms and conditions as the management may deem advisable.

In declaring a dividend of the net per share earnings of the company for 1936 in excess of $6 a share, the directors at the time of the adoption of the resolution intended to comply with section 351 (d) of the Revenue Act of 1936. They determined at the meeting on December 19, 1936, that the company had earnings sufficient to pay a dividend of at least $6 a share but they were unable to determine definitely what amount over $6 per share would be the net earnings per share for 1936.

The Wheeler Co. did not have sufficient cash on hand on December 19, 1936, to pay a dividend of $6 a share. Its liabilities were very small and its assets consisted almost entirely of listed corporate stocks. John H. Wheeler and Frances V. Wheeler were the father and mother of the other stockholders of the company. Save for Cornelia W. Good, who then resided in Honolulu, in the month of December 1936, the stockholders saw one another and discussed the affairs of the company frequently. Prior to the end of 1936 all of the stockholders, save Cornelia W. Good, were informed of the in-

tention of the directors to cause to be issued to them promissory notes representing the dividends which had been declared on December 19, 1936, which was agreed to by all the stockholders save Cornelia W. Good, who was not consulted.

Shortly after December 31, 1936, promissory notes dated December 31, 1936, due on or before one year from date, without interest, were issued at the rate of $6.19 per share by the company to each stockholder in the following amounts:

| Stockholder | Amount of Note | Stockholder | Amount of Note |
|---|---|---|---|
| John H. Wheeler | $15,232.70 | Frances V. Wheeler | $2,843.35 |
| Cornelia W. Good | 3,097.34 | Ysabel F. Berliner | 3,097.34 |
| Elliott H. Wheeler | 3,097.34 | | |
| Rollo C. Wheeler | 3,097.34 | Total | 30,465.41 |

When the books of account of Wheeler Co. for 1936 were closed during the month of January 1937, the dividends payable account was credited and surplus account was charged as of December 31, 1936, with $30,465.41. Prior to December 19, 1936, John H. Wheeler, Frances V. Wheeler, and Rollo C. Wheeler had personal accounts on the books of the company. After the issuance of the promissory notes separate accounts were opened on the books of the company for John H. Wheeler and Frances V. Wheeler and each of the other stockholders. The amounts due the stockholders, as evidenced by the promissory notes, were entered in such accounts as of December 31, 1936, in the ordinary course of business, following a custom of the officers of completing all entries in the books of account of the company shortly after the first of each year. The notes above referred to were not prepared until after the company's books of account for 1936 were closed in January 1937, with the acquiescence of all stockholders except Cornelia W. Good.

In the corporate income tax return (Form 1120) filed by the Wheeler Co. for 1936 it reported the "Character of Dividend" in schedule N thereof, as "Accounts Payable"; in schedule M thereof the "Character of Dividend" was stated as "Credit"; and in schedule L, balance sheet as of the end of 1936, under "Other Liabilities," the amount of $30,465.41 was entered as "Dividends payable." It is stated in the return that it was made on the basis of cash receipts and disbursements. In computing its surtax on undistributed profits the Wheeler Co. claimed a dividends paid credit of $30,465.41, which the respondent disallowed.

Each stockholder in his or her income tax return for 1936, elected under section 351 (d) of the Revenue Act of 1936, to report his or her pro rata share of the adjusted net income of the Wheeler Co. for the year 1936 and paid a tax thereon. The stockholders have not filed claims for refund covering income taxes for the year 1936.

The Commissioner determined that the Wheeler Co. was not entitled to a dividends paid credit under section 27 (a) of the Revenue

Act of 1936, since no payment of the dividends declared on December 19, 1936, was made during the taxable year 1936.

The petitioners contend that the declaration of the two cash dividends on December 19, 1936, together with the subsequent crediting of stockholders' accounts with the amount of the dividends and the issuance of the promissory notes constituted payment, as required by section 27 of the Revenue Act of 1936.

To be entitled to a dividends paid credit there must be payment. *Ticker Publishing Co.*, 46 B. T. A. 399, 413, 414; *John Gerber Co.*, 44 B. T. A. 26. A mere declaration of dividends in the taxable year is not sufficient. "Section 27 requires more than the creation of a liability to pay." *Black Motor Co.*, 41 B. T. A. 300, 305; affd., 125 Fed. (2d) 977. Payment for the purpose of the credit need not be in cash. Section 27 itself specifically recognizes payment "in property other than money" (subsection (c)) and payment "in obligations of the corporation" (subsection (d)). It has been held that "when a book credit is unrestricted and thoroughly subject to the demand and control of the shareholder, it is the equivalent of cash" and constitutes payment of a dividend for the purpose of the dividends paid credit. *Valley Lumber Co. of Lodi*, 43 B. T. A. 423. To similar effect see *Atlantic Land Co.*, 43 B. T. A. 74; *John Gerber Co., supra; R. H. Bouligny, Inc.*, 45 B. T. A. 456. Obviously there was no payment in cash, in obligations of the company, or by other means, either actual or constructive, in the taxable year 1936.

The petitioners argue that the stockholders were not only given control of the funds of the corporation (meaning we assume to the extent of the amount of the dividends declared), but further exercised that control by lending the funds to the corporation. The facts as stipulated do not lend themselves to such an interpretation. Cash dividends were declared. The company did not have sufficient cash at the time. Although the assets of the company consisted almost entirely of listed corporate stocks, the fact that the management or directors reserved the right to "borrow" all or any part of the declared dividends indicates a reluctance on their part to sell any securities for the purpose of paying the dividend in cash. It was stipulated that the stockholders, save one, were notified before the end of 1936 of the directors' intention to issue promissory notes for the declared dividend, to which the stockholders so informed agreed. Thus it appears that the directors determined the procedure and the stockholders merely acquiesced. The mere offer of the directors to borrow the amount of the dividends and the acquiescence of the stockholders in the procedure adopted by the directors do not constitute payment in the taxable year.

The petitioners further contend that, since each stockholder reported his or her pro rata share of the 1936 adjusted net income of

the company in their respective 1936 income tax returns and paid a tax thereon, the basic purpose of the undistributed profits taxes was fulfilled and hence the company is entitled to the dividends paid credit. Unless there has been payment in some form by the corporation *in the taxable year*, the fact that the stockholders returned their proportionate shares for taxation is immaterial and not enough for the purposes of the dividends paid credit. *Fort Pitt Investment Co.*, 45 B. T. A. 330; *Schinebro, Inc.*, 45 B. T. A. 580; affirmed, except as to a small portion of cash advances made to stockholders later allocated to the payment of the dividend, 131 Fed. (2d) 504. In *G. M. Cox, Inc.* v. *Commissioner*, 128 Fed. (2d) 957, in reversing 44 B. T. A. 1232, excepting as to shares as to which the ownership was in doubt, the court stated that the fact that Cox, the president of the corporation, reported the dividends in his 1938 report was "most convincing evidence of his real intention" and, since he was acting for both the corporation and himself, his intention was equal to an agreement; that "thereby the United States got the very result that the undistributed profits tax was mainly intended to produce, namely, taxation of stockholders"; and that the delay in book entries ought not to control. The court held, however, that under the peculiar laws of Louisiana there had been payment of the dividend to Cox and Mrs. Cox by their agreement in the taxable year to offset the dividend against their respective indebtedness on the books of the corporation. It specifically assented to the principle enunciated by the Board that a dividend declared but not paid or credited on the corporate books of account in the taxable year does not entitle the corporation to a credit under section 27 (a) of the Revenue Act of 1936. The cases of *Valley Tractor & Equipment Co.*, 42 B. T. A. 311, and *Valley Lumber Co. of Lodi, supra*, cited by the petitioners in support of their argument, are distinguishable on the facts. In both cases it was held that payment of the dividend was made by the corporation in the taxable year. In the former case the stockholders had received their dividend checks prior to the end of the taxable year and in the latter case the stockholders' accounts on the corporate books of account had been credited with their respective shares of the dividend in the taxable year, the corporation holding the funds wholly subject to the stockholders' unrestricted demand and control. Herein no payment of the dividends in any form was made by the corporation in the taxable year. Where a statute "grants a special credit in the nature of a deduction, the taxpayer must sustain the burden of showing compliance with its exact terms" and "arguments urging the broadening of a tax deduction statute beyond its plain meaning to avoid harsh results are more properly addressed to Congress than to the courts." *Helvering* v. *Ohio Leather Co.*, 317 U.S. 103. Although

that case involved claimed credits by virtue of section 26 (c) (2), of the Revenue Act of 1936, it is applicable herein, since the dividends paid credit granted by section 27 of the Revenue Act of 1936 is also a special credit in the nature of a deduction and, like the credit granted by section 26 (c) (2), is deductible from net income for the purpose of the surtax on undistributed profits.

The action of the respondent in disallowing the dividends paid credit in the amount of $30,465.41 is approved.

*Decisions will be entered for the respondent.*